## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**NATURS DESIGN, INC.,**
**a Michigan corporation,**

      **Plaintiff,**

**v.**

**SILENT NIGHT, LLC,**
**a Michigan limited liability company,**
**BRUCE O. BAKER, an individual,**
**and MATTHEW S. KESNER, JR.,**
**an individual,**

      **Defendants.**

Case No. 15-10700

*INJUNCTIVE RELIEF REQUESTED*

*JURY TRIAL DEMANDED*

## COMPLAINT



This is an action by Naturs Design, Inc. ("Naturs") to recover damages arising from patent infringement by defendants Silent Night, LLC ("Silent Night") and Bruce O. Baker, an individual ("Baker") and damages arising from patent infringement and breach of contract by Matthew S. Kesner, Jr., an individual ("Kesner") (collectively the "Defendants"), and to enjoin future infringements and breaches, as well as for lost profits arising from the patent infringement.   In furtherance of this action, Plaintiff Naturs hereby complains and alleges as follows:

## THE PARTIES

1.     Plaintiff Naturs Design, Inc. is a corporation organized and existing under the laws of the State of Michigan, having a registered address and place of business at 274 W. Cortland St., Jackson, Michigan 49201.

2.     Plaintiff Naturs is the current assignee of all right, title and interest in the patent-in-suit, U.S. Patent No. 8,365,733 ("the '733 patent") issued February 5, 2013, and titled "Liner for Use with Respiratory Mask," including the right to bring and maintain this action.   A true and correct copy of the '733 patent is attached hereto as Exhibit A.

3.     Defendant Silent Night is a limited liability company organized and existing under the laws of the State of Michigan, and has a place of business at 17335 Townline Lake Road, Big Rapids, Michigan 49307.

4.     Based on information and belief, Defendant Baker is the sole member of Silent Night and resides at 17335 Townline Lake Road, Big Rapids, Michigan 49307.  Based on information and belief, Baker is personally responsible for Silent



Night's manufacturing, marketing and sale of the Silent Night Comfort Seal Liners. As set forth herein, these activities constitute infringement of the '733 patent.

5.      Based on information and belief, Defendant Kesner is a resident of Glenmoore, Pennsylvania. Kesner is actively and personally marketing the Silent Night Comfort Seal Liners in violation of the '733 patent and in violation of the Settlement Agreement entered into May 12, 2014 between Plaintiff Naturs and Defendant Kesner to resolve a previous patent infringement lawsuit asserting the '733 patent against Defendant Kesner and his company Quietus CPAP Liners, Inc. ("Quietus").

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of the patent infringement claims in this action under 28 U.S.C. §§ 1331 and 1338, as this action arises under the patent laws of the United States, Title 35, United States Code, as this action presents a justiciable case or controversy over the infringement of the '733 patent.

7.      This Court has subject matter jurisdiction of the breach of contract claim in this action pursuant to the terms of the Settlement Agreement.

8.      This Court has personal jurisdiction over the Defendants because, among other reasons, Defendants have done business in this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continue to harm Plaintiff Naturs in this District by, among other things, marketing, selling, and offering for sale infringing products in this District.



2

9.    This Court has personal jurisdiction over Defendant Kesner pursuant to the terms of the Settlement Agreement.

10.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District.  Defendants have sold and offered for sale the Silent Night Liners product in this District.  Defendant Kesner has violated the terms of the Settlement Agreement, and this Court is the agreed-upon venue pursuant to the terms of the Settlement Agreement.

## BACKGROUND

11.    Robert M. Rutan is the inventor of the '733 patent.  Several years ago, Mr. Rutan's wife was diagnosed with obstructive sleep apnea ("OSA"), and started using a Constant Positive Airway Pressure ("CPAP") mask during sleeping hours to counter the effects of lack of sleep caused by OSA.  However, the use of the CPAP mask brought about its own problems, *e.g.*, the mask would lose its seal and create a squealing noise, and would make the user's face hot and sweaty.

12.    The Rutans searched for a product that would address one or more of these issues, but could not find anything that would offer relief.  Instead, all they found were anecdotal suggestions, *e.g.*, tighten your mask, try a different mask, remove any lotion from your face, etc.  These suggestions simply did not work, and the Rutans became more desperate for a solution.



13.     At this point, Mr. Rutan came up with an idea for a liner for use with the CPAP mask.  Mr. Rutan developed a prototype and tested it, and found that it was a solution that addressed the problems Mrs. Rutan had with the use of the CPAP mask.

14.     On May 29, 2008, Mr. Rutan filed a provisional patent application, No. 61/056,893 ("the '893 provisional"), that disclosed his inventive liner for use with respiratory masks.

15.     On May 21, 2009, Mr. Rutan filed a non-provisional patent application, Serial No. 12/469,998 ("the '998 application"), which claimed the benefit of the '893 provisional.   On December 3, 2009, the '998 application published as U.S. Pat. Publ. No. 2009/0293880 ("the '880 published application"). The '998 application matured into the '733 patent on February 5, 2013. Representative Figures 2 and 6 from the '733 patent are reproduced below:



Fig. 2                          Fig. 6



16.     Naturs started selling its inventive CPAP mask liners and is currently selling its CPAP mask liners under the RemZzzs trademark. Naturs' CPAP mask liners have achieved significant commercial success.

17.     On January 23, 2013, Defendant Baker placed an order through Naturs' website for samples of Naturs' CPAP mask liner products. (Exhibit B.)

18.     Later in 2013 it became clear that Defendant Baker had purchased the samples in an attempt to trade off of Plaintiff Naturs' success by copying Naturs' patented design.

19.     Defendant Baker sent an email to Mr. Rutan on September 17, 2013. (Exhibit C.)  The email identified that Defendant Baker had designed, developed and begun manufacturing a mask liner product.  Defendant Baker proposed setting up a meeting to discuss the mask liner product with Mr. Rutan.

20.     The mask liner product described by Defendant Baker was a copy of Naturs' patented design.  Accordingly, Mr. Rutan declined to meet with Defendant Baker and directed Defendant Baker's attention to the '733 patent in an email dated September 19, 2013. (Exhibit D.)

21.     By alerting Defendant Baker to Naturs '733 patent, Defendant Baker should have stopped his efforts to bring an infringing mask liner product to the marketplace.  However, Plaintiff Naturs soon realized that Defendants Baker and Silent Night started selling the mask liner product as Silent Night Comfort Seal Liners (Exhibit E) in violation of the '733 patent.  As shown in the pictures below the Silent Night Liner is an intentional copy of the Naturs' product protected by the '733 patent:



 

22.    At least as early as September of 2013, Defendants Baker and Silent Night had actual knowledge of the subject matter of the '733 patent claims.

23.    Defendants Baker and Silent Night, nonetheless, intentionally copied Plaintiff Naturs' patented product, and have sold and continue to sell the infringing Silent Night Liners in violation of the '733 patent.

24.    Defendants Baker and Silent Night have not provided any opinion of counsel that the Silent Night Liner product does not infringe the '733 patent or that the '733 patent is invalid.

25.    Upon information and belief, Defendant Baker, as the sole member of Silent Night, has operated Silent Night as a mere instrumentality and/or alter ego of himself.

26.    Upon information and belief, Defendant Baker so dominates Defendant Silent Night, as a corporate entity, Defendant Silent Night has no mind or existence of its own.

27.    Upon information and belief, Defendant Baker is actively and personally infringing the '733 patent by actively and personally marketing, advertising, selling and distributing the infringing Silent Night Liner product.



28.     Upon information and belief, the control over Defendant Silent Night exerted by its Defendant Baker has been used to commit the acts now complained of herein, and Defendant Baker's individual actions have actively and personally infringed the '733 patent.

29.     Upon information and belief, Defendant Baker has proximately caused and is individually liable for Naturs' patent infringement damages as alleged herein.

30.     Defendant Kesner has recently affiliated himself with the Defendants Baker and Silent Night.   Before his affiliation with the other Defendants, Defendant Kesner had his own company Quietus, which sold mask liner products that infringed the '733 patent.

31.     On December 17, 2013, Plaintiff Naturs initiated a lawsuit in this District against Defendant Kesner and Quietus for infringement of the '733 patent. (styled   2:13-cv-15116-RHC-RWS.)    The lawsuit was settled through the Settlement Agreement before Defendant Kesner and Quietus answered the complaint.  As a material term of the Settlement Agreement, Defendant Kesner and Quietus agreed to refrain from marketing any other mask liners that would infringe the '733 patent.

32.     In clear violation of the Settlement Agreement, Defendant Kesner is actively marketing the Silent Night Liners product.  In a brochure for the Silent Night Liners product that Defendant sent to former Quietus customers, Defendant Kesner is marketing the product by endorsing it and highly recommending it. (Exhibit F.)



7

33.     Upon information and belief, Kesner is actively and personally infringing the '733 patent by actively and personally marketing, advertising, selling and distributing the infringing Silent Night Liner product.

34.     Upon information and belief, Kesner has proximately caused and is individually liable for Naturs' patent infringement damages as alleged herein.

## CLAIMS

35.     Based on the above-described events and products, Naturs asserts the following causes of action against Defendants.  These causes of action are detailed as follows.

## COUNT I
## Patent Infringement

36.     The allegations of paragraphs 1-35 above are incorporated by reference as if fully set forth herein.

37.     Defendants have infringed and continue to infringe at least claim 1 of the '733 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale in the United States, without Naturs' authority, their Silent Night Liners product that uses the patented product of a liner for use with a respiratory mask.  Defendants have sold the Silent Night Liners product in this District.



8

## COUNT II
## Willful Patent Infringement

38.     The allegations of paragraphs 1-37 above are incorporated by reference as if fully set forth herein.

39.     With actual knowledge of the '733 patent, and without making or presenting any argument or evidence of non-infringement or invalidity of the '733 patent, Defendants nonetheless infringed and are infringing the '733 patent despite an objectively high likelihood that their actions constitute infringement of the valid '733 patent.

40.     Without making or presenting any argument or evidence of non-infringement or invalidity of the '733 patent, the Defendants knew or should have known of the objectively high risk that their activities constituted infringement of the '733 patent.

41.     The actions of Defendants complained of herein constitute willful infringement of the '733 patent.

## COUNT III
## Breach Of Contract

42.     The allegations of paragraphs 1-41 above are incorporated by reference as if fully set forth herein.

43.     The Settlement Agreement is a valid and binding agreement between Naturs and Kesner.



9

44.     Defendant Kesner's aforementioned conduct, including his active marketing of the Silent Night Liners product, constitutes a material breach of the terms of the Settlement Agreement.

45.     As a direct and proximate result of Defendant Kesner's conduct, Plaintiff Naturs has suffered damages in an amount to be proven at trial.


## **DEMAND FOR RELIEF**

Accordingly, Naturs respectfully demands that this Court enter judgment:

A.     Preliminarily and permanently enjoining and restraining Defendants, their officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with the Defendants, from further infringement of the '733 patent and Defendant Kesner from further breaches of the Settlement Agreement;

B.     Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff Naturs treble damages and its reasonable attorneys' fees and costs and disbursements in this action;

C.     A judgment in favor of Plaintiff Naturs that each Defendant has directly infringed the '733 patent, whether literally or under the doctrine of equivalents, as described herein;

D.     A judgment and order requiring each Defendant to pay Naturs its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the '733 patent as provided under 35



U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

      E.    A determination that Defendant Kesner is liable for breach of contract; and

      F.    Granting to Naturs such other and further relief as this Court deems reasonable.

## DEMAND FOR JURY TRIAL

Naturs respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  February 25, 2015 

 /s/ Matthew M. Jakubowski
Mark A. Cantor (P32661)
Matthew M. Jakubowski (P63194)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mcantor@brookskushman.com
      mjakubowski@brookskushman.com

*Attorneys for Plaintiff*

